UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JASON SHAWN NAYLOR

V. CIVIL ACTION NO. 3:16cv437-DPJ-FKB

LAUDERDALE COUNTY CIRCUIT COURT, et al.

ORDER

This habeas corpus petition is before the Court on the Report and Recommendations of United States Magistrate Judge F. Keith Ball [16] in which he recommends an order granting Respondent's Motion to Dismiss [11]. Petitioner Jason Shawn Naylor filed an Objection [17], in which he seeks to convert his 28 U.S.C. § 2241 petition to a claim for civil damages. For the following reasons, the Court finds that the Report and Recommendations should be adopted and that the case should not be converted.

I. Background

Naylor is currently a pre-trial detainee in Lauderdale County, Mississippi. In his Amended Petition [3], he challenges his detention for a charge of aggravated domestic violence in Lauderdale County Circuit Court, Cause No. 133-15. According to Naylor, the county held him in custody for 270 days without a trial. Am. Pet. [3] at 6. As relief, he seeks immediate release. *Id.* at 8.

While Naylor's petition was pending in this case, the Circuit Court of Lauderdale County, Mississippi, entered an order of nolle prosequi, effectively dropping the aggravated-domestic-violence charge. *See* Order [11-1] at 1. But Naylor remains in jail on rape and murder charges.

Recognizing that the state-court order mooted Naylor's stated grounds for relief, Judge Ball recommended dismissal. R&R [16] at 1−2. He also noted that there is no need to amend Naylor's petition to include the rape and murder charges because he already brought claims related to those charges in a separate habeas petition docketed as Civil Action No. 3:16cv762-HTW-LRA. *Id.*

Naylor takes no issue with Judge Ball's recommendation as it relates to the claim for habeas corpus relief. But in his objection, he essentially seeks leave to convert his petition to a civil action for money damages. Naylor writes, "[M]y time is precious and can't be given back to me and my life was put on hold exactly 12 months. I am trying to seek compensation for '[e]motional [d]istress' and '[p]ain and [s]uffering' for cause no. 133-15." Obj. [17] at 1.

II.   Analysis

Naylor's Amended Petition was filed under 28 U.S.C. § 2241. But there seems to be no dispute that the petition became moot when the charges were dropped. Moreover, any habeas rights he may have as to his continued detention on the rape and murder charges are already before the Court in a separate case. Accordingly, the Court adopts the Report and Recommendations as the Court's order and dismisses the Amended Petition.

The only remaining question is whether the Court should construe Naylor's objection as a motion to amend and convert the petition for habeas corpus relief to a civil action for money damages, most likely under 42 U.S.C. § 1983. Under the circumstances, the Court will not. As Respondent notes, the aggravated-domestic-violence charge was not the only basis for Naylor's detention. So the time he claims to have lost would have been lost anyway—at least to the extent the detentions for the various charges overlapped. In addition, it is not clear that Naylor would be entitled to the emotional-distress damages he seeks absent some physical injury. *See*

42 U.S.C. § 1997e(e) (2012).  Finally, were the Court to convert the case, Naylor would be responsible for the $350 filing fee applicable to regular civil actions, rather than the $5 filing fee for habeas petitions.  Given the potential obstacles he faces, the Court is not willing to assume Naylor would want to incur that expense.  These observations are not substantive rulings on the merits of a potential claim.  There may be additional factors the Court is not aware of.  If Naylor wishes to pursue a civil action, he may file a separate case.

III. Conclusion

The Court has considered all the parties' arguments.  Those not specifically addressed do not change the outcome.  For the foregoing reasons, the Report and Recommendations [16] is adopted, and the Motion to Dismiss [11] is granted.  A separate judgment will be entered in accordance with Federal Rule of Civil procedure 58.

**SO ORDERED AND ADJUDGED** this the 24th day of April, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE